UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:23-cv-60050-RS

CHRISTOPHER OBASI, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

BEDABOX LLC, a Florida Limited Liability
Company,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, BedaBox LLC d/b/a ShipMonk ("Defendant" or "ShipMonk"), by and through its undersigned counsel and pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), moves to dismiss the Complaint [ECF No. 1] filed by Plaintiff, Christopher Obasi.  In the alternative, Defendant moves for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  In support of this Motion, Defendant states as follows:

## PRELIMINARY STATEMENT

The bare-bones Complaint filed by Plaintiff does not meet federal pleading standards as it fails to allege sufficient factual allegations regarding the grounds upon which Plaintiff's alleged Fair Labor Standards Act ("FLSA") claim rests.  Specifically, Plaintiff merely alleges conclusory, legal recitations pertaining to Defendant's alleged violation of the overtime provisions of the FLSA without alleging any sufficient facts demonstrating that Plaintiff can state a claim upon which relief can be granted.  Indeed, other than identifying Plaintiff's alleged job position and date of hire, Plaintiff's Complaint simply concludes that Defendant violated the FLSA, while using various

FLSA-related catchphrases and legal terms of art, before merely setting forth the relief Plaintiff seeks.

Although Plaintiff's claim against Defendant is clearly one to recover alleged overtime compensation under the FLSA, Defendant is left to speculate as to the specific factual allegations Plaintiff will assert in an attempt to support a claim upon which relief can be granted (*e.g.*, the hour(s) of overtime Plaintiff claims he worked without receiving overtime compensation, the week(s) associated with such alleged hour(s) of overtime worked, etc.). Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), as well as case precedent, do not require Defendant to engage in such speculation. Instead, it is Plaintiff's obligation to properly plead his claim in accordance with federal pleading standards (*i.e.*, by providing sufficient factual allegations in support of Plaintiff's alleged claim showing a plausible basis for Plaintiff's alleged entitlement to relief) so that Defendant is provided notice of the factual allegations pertaining to the claim asserted and can respond to the Complaint accordingly. Plaintiff fails to meet this burden. Because Plaintiff's Complaint fails to meet federal pleading standards and sufficiently allege a claim upon which relief can be granted, this Court should dismiss the Complaint in its entirety.

Alternatively, Plaintiff should be required to amend the Complaint to provide a more definite statement of his claim with sufficient specificity such that Defendant can adequately and properly prepare a substantive response to the cause of action.

## MEMORANDUM OF LAW

### I. FEDERAL PLEADING STANDARDS REQUIRE A COMPLAINT TO GIVE FAIR NOTICE OF THE CLAIM ASSERTED AND THE GROUNDS UPON WHICH IT IS BASED.

"To survive a motion to dismiss, a complaint must contain ***sufficient factual matter***, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In this regard, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).  To meet the "plausibility standard," a plaintiff must "plead[] ***factual content*** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (emphasis added) (citing *Twombly*, 550 U.S. at 556).  "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).  Here, Plaintiff's Complaint fails to comply with federal pleading standards because it does not contain sufficient factual matter, accepted as true, to state a claim to relief under the FLSA's overtime provisions that is plausible on its face.

## II. PLAINTIFF'S COMPLAINT FAILS TO PLEAD ANY FACTUAL ALLEGATIONS SUFFICIENT TO STATE AN FLSA OVERTIME CLAIM UPON WHICH RELIEF CAN BE GRANTED.

As indicated above, beyond simply alleging conclusions of law and legal recitations, Plaintiff's bare-bones Complaint fails to allege any specific facts sufficient to state an FLSA overtime claim upon which relief can be granted.  [*See* ECF No. 1].  Indeed, the only facts Plaintiff alleges with any sort of specificity is his job position and the date on which his employment with Defendant began.  [*See id.* at ¶ 3].

Noticeably absent from the Complaint is any heading pertaining to the "facts" or "factual background" upon which Plaintiff's alleged FLSA overtime claim is based.  [*See id.*].  Moreover, and worse still, Plaintiff fails to plead any sufficient factual allegations demonstrating his ability to state an FLSA overtime claim, such as, for example, the unpaid hours of overtime Plaintiff

claims he worked and the week(s) during which he claimed he worked unpaid overtime hours. [*See id.*]. Federal pleading standards do not require Defendant to speculate as to the specific factual allegations upon which Plaintiff will rely in an effort to state a claim. *Ashcroft*, 556 U.S. at 678 (expressing that a complaint is due to be dismissed where it fails to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 570); *see also Pardue v. Specialty Eng'g Consultants, Inc.*, 85 F. Supp. 3d 1347, 1349-50 (S.D. Fla. 2015) (granting motion to dismiss FLSA overtime claim for failure to state a claim because the plaintiff failed to include any specific factual allegations pertaining to his conclusory allegations that he was engaged in commerce or the defendant was an enterprise engaged in commerce; explaining that, "[s]imply put, Plaintiff must provide the factual underpinnings for the legal conclusions in the Complaint.").

Instead, Plaintiff must properly plead his claim by providing sufficient factual allegations to state his alleged FLSA overtime claim with a plausible basis upon which relief can be granted. *Iqbal* at 678 (explaining that the "plausibility standard" requires a plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citing *Twombly*, 550 U.S. at 556). Only when Defendant has been provided fair notice of the factual allegations supporting Plaintiff's FLSA overtime claim should it be required to substantively respond to Plaintiff's Complaint. Because Plaintiff fails to meet his burden of complying with federal pleading standards by alleging facts sufficient to state a claim upon which relief can be granted, this Court should dismiss the Complaint in its entirety.

### III. ALTERNTATIVELY PLAINTIFF MUST PROVIDE A MORE DEFINITE STATEMENT OF HIS ALLEGED FLSA OVERTIME CLAIM.

Alternatively, should the Court not be inclined to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, Defendant requests that Plaintiff be ordered to

provide a more definite statement of his claim pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  Rule 12(e) provides that a defendant may move for a more definite statement if a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  "The motion must … point out the defects complained of and the details desired." *Id*.  As set forth above, Plaintiff's Complaint is vague and ambiguous because it fails to allege any specific facts sufficient to state an FLSA overtime claim.  *See supra* Point II.  The pleading is deficient and does not allow Defendant to sufficiently assess or respond to the purported claim and the factual allegations in support thereof.

Given the absence of facts supporting the claims in Plaintiff's Complaint, Defendant requires more information to prepare a substantive response.  *See, e.g.*, *Boldstar Technical, LLC v. The Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) (noting that the "purpose of the Rule is 'to strike at unintelligibility'"); *see also Gombos v. Cent. Mortg. Co.*, No. 10-81296-CIV-MARRA/JOHNSON, 2011 U.S. Dist. LEXIS 21413, at *5 (S.D. Fla. Mar. 3, 2011) (finding "a pleading is insufficient if a defendant does not know the basic facts that constitute the claim for relief against it.  Such detail should not be left to discovery, for the purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists.") (internal citations omitted).  Accordingly, should the Court decline to dismiss the Complaint, in the alternative, Defendant requests the entry of an order requiring Plaintiff to provide sufficient factual allegations in support of his alleged FLSA overtime claim so that Defendant may respond.

## **CONCLUSION**

For the foregoing reasons, Defendant, BedaBox LLC d/b/a ShipMonk, respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, or, in the alternative, order Plaintiff to provide a more definite statement of his claim.

CASE NO. 0:23-cv-60050-RS

Dated: February 2, 2023

Respectfully submitted,

By: *s/ Jennifer A. Schwartz*
Jennifer A. Schwartz, Esq.
Florida Bar No. 502431
Email: *jennifer.schwartz@jacksonlewis.com*
Jason A. Anon, Esq.
Florida Bar No. 1017727
E-mail: *jason.anon@jacksonlewis.com*
JACKSON LEWIS P.C.
Two South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: (305) 577-7600

*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Jennifer A. Schwartz*
Jennifer A. Schwartz, Esq.

### SERVICE LIST

Brian J. Militzok, Esq.
Florida Bar No. 0069993
E-mail: *bjm@militzoklaw.com*
MILITZOK LAW, P.A.
8958 West State Road 84
Suite 1036
Fort Lauderdale, Florida 33324
Telephone: (954) 780-8228

*Attorney for Plaintiff*

Jennifer A. Schwartz, Esq.
Florida Bar No. 502431
Email: *jennifer.schwartz@jacksonlewis.com*
Jason A. Anon, Esq.
Florida Bar No. 1017727
E-mail: *jason.anon@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Attorneys for Defendant*

4864-1615-5980, v. 1