UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-60050-RS

**CHRISTOPHER OBASI,** individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**BEDABOX LLC**, a Florida limited liability company,

    Defendant.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND/OR FOR A MORE DEFINITE STATEMENT**

The Plaintiff, CHRISTOPHER OBASI ("Plaintiff"), by and through undersigned counsel, hereby files this Response to Defendant, BEDABOX LLC's ("Defendant") Motion to Dismiss or Alternatively Motion for a More Definite Statement [DE 4], and in response states as follows:

**I.      INTRODUCTION**

On January 12, 2023, Plaintiff filed a Complaint [DE 1] against Defendants alleging unpaid overtime pay owed under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA").  In response to Plaintiff's Complaint [DE 1], Defendant filed a Motion to Dismiss or Alternatively Motion for a More Definitive Statement [DE 4].  The moving Defendant states that the Complaint [DE 1] should be dismissed because Plaintiff failed to support a claim upon which relief can be granted (*e.g.* the hours of overtime Plaintiff claims he worked without receiving overtime compensation, the weeks associated with such alleged hour(s) of overtime worked, etc).

**II. LEGAL STANDARD**

In reviewing a motion to dismiss, all well-plead facts in the complaint and all reasonable inferences drawn from those facts must be taken as true. *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that Plaintiff cannot prove a set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bracewell v. Nicholson Air Servs., Inc.* 680 F.2d 103, 104 (11th Cir. 1982). The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which the claim is based. All that is required is a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).

As to the minimal pleading standards at the dismissal stage, Rule 8 of the Federal Rules of Civil Procedure states a Complaint "shall contain … a short and plain statement" setting forth entitlement to relief and "'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957). In an FLSA matter, the Court should ask whether "no facts are alleged showing that the plaintiffs, if those facts be true, are entitled to relief". *Daves et al. v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 646 (U.S. Dist. Hawaii 1953). "Finally, at the motion to dismiss stage, under Fed. R. Civ. P. 12(b)(6), a court can only examine the four corners of a complaint. *Crowell v. Morgan Stanley Dean Witter Servs., Co., Inc.*, 87 F. Supp.2d 1287 (S.D. Fla. 2000)." *Medina v. United Christian Evangelistic Ass'n,* 2009 U.S. Dist. LEXIS 16412 (S.D. Fla. Feb. 27, 2009). In the case at hand, Plaintiff has alleged sufficient facts pursuant to Rule 8 for Defendants to formulate a response to Plaintiff's complaint. Defendants motion which requests that the Court go beyond the 4 corners of the complaint, should be denied.

### III.     ARGUMENT

#### A. Plaintiff's FLSA Claim Does Meet a Plausible Pleading Standard

The Plaintiff's Complaint [DE 1] contains a short and plain statement of the claim. Plaintiff acknowledges that the case of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (U.S. 2009) adopted the Supreme Court's previous ruling in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007). The *Iqbal* decision dealt with a *Bivens* action while the *Twombly* Court dealt with the pleading standards as related to the Sherman Act. Neither case dealt with the pleading standards relating to the Fair Labor Standards Act. In fact, the Eleventh Circuit interpreting the *Twombly* motion to dismiss standard in relation to Fair Labor Standard Act cases stated:

> We have explained that the Rule 8(a)(2) pleading standard articulated by the Supreme Court in *Twombley* is "one of 'plausible grounds to infer.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965). To state a claim with sufficient specificity "'requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id*. The rule "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id*. at 1296.
>
> In applying these standards to the FLSA claims in this case, we review the Secretary's complaint to determine whether its allegations plausibly indicate that Labbe failed to pay minimum wage and overtime compensation and failed to keep employment records as required by FLSA. Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a **FLSA violation are quite straightforward**. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. *See* 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5). There is no need to prove intent or causation that might require more extensive pleading. *See Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir. 2005) (finding a FLSA complaint sufficient under Rule 8(a)(2) where it identified the employees who were alleged to have worked overtime, described the manner of the employer's repeated violations of the overtime and record-keeping provisions of FLSA, and alleged the time frame in which these violations occurred). [Emphasis added].

*Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. Fla. 2008).

Additionally, Judge Cohn of this district in interpreting *Twombly* as it relates to FLSA matters and citing to the Eleventh Circuit decision on *Sec'y of Labor v. Labbe*, 319 Fed. Appx.761, 763 (11th Cir. 2008), stated:

> Under Fed. R. Civ. P. 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. *Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570).
>
> Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. *Twombly,* 550 U.S. at 555.
>
> A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Id.* Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" *Id.* at 556.
>
> Moreover, "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 Fed. App'x. 761, 763 (11th Cir. Fla. 2008). "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Id.* (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)).

*Schlinsky v. Action Video Prod.*, 2010 U.S. Dist. LEXIS 2430 (S.D. Fla. Jan. 13, 2010). *See also Marcelle v. Am. Nat'l Delivery, Inc.*, 2010 U.S. Dist. LEXIS 40248 (M.D. Fla. Apr. 23, 2010) ("the elements that must be shown to allege a violation of the FLSA's overtime pay requirements are "quite straightforward") citation omitted.

Applying the Eleventh Circuit standard of *Sec'y of Labor v. Labbe* to the case at hand,

Plaintiff has pled sufficient facts to demonstrate that (1) that Plaintiff was an employee of Defendant; (2) that Defendant's business is an enterprise covered under the FLSA pursuant to the Eleventh Circuit decision in *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) which adopted this Court's analysis of enterprise coverage in *Galdames v. N & D Inv. Corp.*, 2008 U.S. Dist. LEXIS 73433 (S.D. Fla. 2008) (3) that Defendant was Plaintiff's employers under the Fair Labor Standards Act; and (4) that Defendant failed to comply with the overtime pay provision of the FLSA.

      Paragraph 3 of the Complaint [DE 1] states the Plaintiff's title with the company and his dates of employment. In paragraph 4 of the Complaint [DE 1], Plaintiff states that he was, and is, an employee of the Defendants within the meaning of the FLSA. In paragraph 8 of the Complaint [DE 1], Plaintiff states that at all times material, Defendants employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendants having annual gross volume of sales or business done of not less than $500,000 within the meaning of Sections 203(r) and (s) of the FLSA. In paragraph 9 of the Complaint [DE 1], Plaintiff states that he was an employee of Defendants and at all time relevant to the violations of the FLSA were engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1). Plaintiff states in Paragraph 10 that the time and pay records presumably are in the custody of the Defendants pursuant to the record-keeping requirements of the FLSA. In Paragraph 14, Plaintiff alleges that he was, and is, entitled to be paid overtime pay for all hours worked over forty (40) hours in each work week and Defendant failed to do so. In Paragraph 15, Plaintiff alleges that the FLSA violation was willful, and that Plaintiff has suffered damages as a result of same.

In fact, it would appear by Defendant's Motion that its only argument is that Plaintiff did not provide the specific breakdown of his overtime pay claim. Such a breakdown is not necessary, it is respectfully submitted, to be included in the Plaintiff's Complaint, but rather, is routinely filed as a Statement of Claim after the pleading stage of the litigation has concluded in FLSA matters. Plaintiff has provided the sufficient facts, it is respectfully submitted, for Defendant to form a response to the Complaint, other than the breakdown of the claim that will be stated in Plaintiff's forthcoming Statement of Claim. Lastly, Defendant's Motion is devoid of specificity as it very generally alleges that the Complaint "lacks sufficient factual matter" or is "bare-bones", making a response to same difficult.

As noted above, "at the motion to dismiss stage, under Fed. R. Civ. P. 12(b)(6), a court can only examine the four corners of a complaint. *Crowell v. Morgan Stanley Dean Witter Servs*., Co., Inc., 87 F. Supp.2d 1287 (S.D. Fla. 2000)." *Medina v. United Christian Evangelistic Ass'n,* 2009 U.S. Dist. LEXIS 16412 (S.D. Fla. Feb. 27, 2009). The four corners of the complaint allege sufficient facts for Defendant to formulate a proper answer to the Complaint.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff submits to this Honorable Court that Defendant's Motion to Dismiss [DE 4] should be denied in its entirety, or in the alternative, Plaintiff requests leave of Court to amend his Complaint [DE 1].

DATED:  February 3, 2023

                                                Respectfully submitted,

MILITZOK LAW, P.A.
*Attorneys for Plaintiff*
8958 W. State Road 84, #1036
Fort Lauderdale, FL 33324
(954) 780-8228 - Telephone
(954) 791-4456– Facsimile
bjm@militzoklaw.com

By: /s/ Brian Militzok
BRIAN J. MILITZOK, ESQ
Fla. Bar No.: 0069993

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 3, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Service List:

Jennifer Schwartz, Esq.
Jackson Lewis, P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, FL 33131

/s/Brian J. Militzok
Brian J. Militzok