UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:23-cv-60050-RS

CHRISTOPHER OBASI, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

BEDABOX LLC, a Florida Limited Liability
Company,

    Defendant.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM**

Defendant, BedaBox LLC d/b/a ShipMonk ("Defendant" or "ShipMonk"), by and through its undersigned counsel and pursuant to this Court's Order [ECF No. 11], files its Response to the Statement of Claim [ECF No. 10-1] filed by Plaintiff, Christopher Obasi ("Plaintiff"), and states as follows:

**A.**    **Plaintiff's Employment With Defendant**.

    1.    Defendant maintains that it did not violate the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* ("FLSA"), and that Plaintiff is not entitled to any judgment, damages, or other relief whatsoever.

    2.    Plaintiff was employed by Defendant from August 16, 2021, through February 16, 2023, and last held the position of Forklift driver.

    3.    As a Forklift driver, Plaintiff was non-exempt from the overtime provisions of the FLSA, and he was paid for all hours that he reported as worked, including time and a half for all hours worked over 40 in a workweek.

4.  Plaintiff's initial hourly rate of pay was $14.75 per hour.

5.  During his employment, Plaintiff received three hourly pay rate increases as follows: (a) on February 1, 2022, Defendant increased Plaintiff's hourly rate of pay to $15.25 per hour; (b) on April 21, 2022, Defendant increased Plaintiff's hourly rate of pay to $16.50 per hour; and (c) on September 1, 2022, Defendant increased Plaintiff's hourly rate of pay to $17.00 per hour.

6.  Plaintiff's final hourly rate of pay at the time of his separation from employment was $17.00 per hour.

**B.     Plaintiff Was Paid For All Hours He Reported Working.**

7.  Plaintiff worked as a Forklift driver at Defendant's warehouse in Fort Lauderdale, Florida. His hours of work were assigned each week on a set weekly schedule.

8.  Plaintiff was never asked to work "off-the-clock" or to enter his hours worked inaccurately. To the contrary, Defendant's pay practices required Plaintiff to report all hours worked, not perform any work while off-the-clock, review his pay stub each pay period to ensure its accuracy, and immediately advise of discrepancies in his pay or hours worked. Employees are directed that, if they perform any work while not clocked in, the employee must notify his/her supervisor immediately and that Defendant will promptly make any correction that is necessary when it is called to Defendant's attention. Plaintiff, moreover, was instructed that he was not permitted to enter the warehouse outside of his scheduled hours of work.

9.  With regard to meal periods, Defendant's pay practices required Plaintiff to clock out for his designated lunch time and to clock back in before returning to work.

10. In any workweek in which Plaintiff worked more than 40 hours, Plaintiff was paid overtime wages for the hours he worked in excess of 40 hours each week at the rate of time and

one half of his hourly rate.

**C.     Plaintiff's Methods of Calculating Damages Are Incorrect**.

11.     Even if Plaintiff could show that he is owed any wages, Plaintiff's calculation of damages is grossly overestimated.

> **Plaintiff provides no facts to support the allegations that he worked 60 hours per week in October 2022, 75 hours per week in November 2022, and 70 hours per week in December 2022, and his time cards and pay records nonetheless show he was paid for all hours worked, including time and a half for all hours worked over 40 in a workweek**.

12.     Plaintiff has failed to provide any factual basis for his allegations that he worked an average of 60 hours per week in October 2022, an average of 75 hours per week in November 2022, and an average of 70 hours per week in December 2022.  Nonetheless, Plaintiff's time cards and pay records show he was paid for all hours that he reported as worked, including time and a half for all hours worked over 40 in each workweek in October through December 2022.

13.     Plaintiff fails to explain why his time records, which show the times that Plaintiff clocked in and out from work, do not reflect the numerous extra hours that he claims he worked beyond those hours, including overtime hours, already reflected and compensated in Plaintiff's time cards and pay records.  Defendant's pay practices require an employee to accurately report their time worked and immediately report to management if the employee's time record requires any correction or modification.

14.     Plaintiff also had no reason to work off-the-clock.  Defendant did not suffer or permit him to do so.

15.     Additionally, Plaintiff's claimed overtime hours do not account for those weeks in which Plaintiff received vacation, sick leave or paid holiday time (and clearly could not have worked 40 hours in those weeks let alone any hours over 40).

**Plaintiff's claim is partially time-barred**.

16. Plaintiff filed his initial Complaint on January 12, 2023. [*See* ECF No. 1].

17. Under the FLSA, a two-year statute of limitations applies to the recovery of any unpaid minimum wage or overtime wage.

18. A three-year statute of limitations applies ***only*** if Plaintiff can establish that Defendant willfully violated the FLSA, which he cannot do. *See* 29 U.S.C. § 255(a).

19. Accordingly, the applicable period is between August 16, 2021 (the date of Plaintiff's hiring within the two-year period prior to the filing of Plaintiff's initial Complaint) and January 12, 2023 (the date of filing of Plaintiff's initial Complaint).

**Plaintiff is not entitled to liquidated damages**.

20. Plaintiff also incorrectly assumes, without providing any support, that he is entitled to liquidated damages if he is deemed the prevailing party in this matter. Plaintiff has not proffered any documents or other evidence to support his allegation that Defendant's actions were either willful or intentional. Defendant submits that Plaintiff will be unable to make this showing.

21. Indeed, Defendant's actions were taken in good faith, in conformity with, and in reliance upon established rulings, administrative regulations and interpretations of the FLSA within the meaning of 29 U.S.C. §§ 258 and 259.

22. If Plaintiff had actually worked 60 hours per week in October 2022, 75 hours per week in November 2022, and 70 hours per week in December 2022, he could have reported every hour worked, and Defendant would have paid him all reported hours at the appropriate rate. Indeed, Plaintiff's time cards and pay records show he was paid for all hours that he reported as worked, including time and a half for all hours worked over 40 in each workweek, during the months of October through December 2022.

23.     Defendant acted in good faith as it implemented and disseminated policies for its employees to accurately record and report hours worked and to report any need for any corrections or modifications to their time records. As shown by Plaintiff's pay records, Defendant paid Plaintiff overtime hours during his employment with Defendant.

24.     Because Plaintiff did not contest the number of hours he was paid, including overtime hours, and did not report any modification or correction was needed on his time record, Defendant had a reasonable basis to believe that Plaintiff reported each hour he worked, including overtime, and that Defendant properly compensated him for every hour worked. Thus, Plaintiff is not entitled to liquidated damages. *See Reyes v. Aqua Life Corp.*, 632 F. App'x 552, 555-56 (11th Cir. 2015) (stating that liquidated damages "can be reduced to zero at the discretion of the court" upon "a showing of good faith by the employer").

**Other Defenses**

25.     Defendant is not liable to Plaintiff for any violations of the FLSA pursuant to 29 U.S.C. § 259(a) because Defendant, in good faith, acted in conformity with, and in reliance upon, written administrative regulations, orders, rulings, approvals, or interpretations of the Wage and Hour Division, Department of Labor.

26.     Plaintiff's claims fail because Plaintiff has been properly paid for all compensable time under the FLSA and any other applicable law or regulation.

27.     Any claim for overtime compensation by Plaintiff must be offset by any stipends, premium compensation, overpayments, bonuses, advances or other remuneration paid or provided to Plaintiff, including a reduction for any compensation already paid to Plaintiff for periods not compensable under the FLSA.

28.     Some or all of the disputed time for which Plaintiff seeks recovery of wages

purportedly owed was spent engaged in activities that were not compensable work under the FLSA and other applicable laws and were not an integral and indispensable part of his principal activities.

29. Any overtime worked by Plaintiff beyond his compensated workweek was *de minimis*.

30. Plaintiff's claims under the FLSA are barred or limited by the doctrine of estoppel, waiver, and/or unclean hands to the extent Plaintiff seeks compensation for hours of work that contradict his prior representations to Defendant regarding the hours he worked.

31. The regular rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiff for, periods of time during which Plaintiff performed no work, including vacation and/or sick/medical leave, or for periods of time during which Plaintiff was otherwise absent from the workplace during that week, including during holidays and other functions voluntarily attended.

32. If the facts, as determined at trial, reveal that Plaintiff engaged in efforts to alter his own time records or the time records of others, or in any other way violated the established policies of Defendant with regard to employment practices, Plaintiff should be estopped from recovering on his claims.

33. If the facts, as determined at trial, reveal that Plaintiff reported to Defendant that he had been correctly and fully paid for all time worked, he should be estopped from recovering on any claims of uncompensated wages.

**D.     Supporting Documents**

34. Documents supporting Defendant's defenses in this matter and bearing Bates numbers DEF000001 - DEF000136 are being served on Plaintiff's counsel contemporaneously with this Response.

**E.      Reservation**

Defendant reserves the right to amend this Response pursuant to any information revealed during the course of discovery.

Dated: March 14, 2023                    Respectfully submitted,

                              By:  *s/ Jennifer A. Schwartz*
                                   Jennifer A. Schwartz, Esq.
                                   Florida Bar No. 502431
                                   Email: *jennifer.schwartz@jacksonlewis.com*
                                   Jason A. Anon, Esq.
                                   Florida Bar No. 1017727
                                   E-mail: *jason.anon@jacksonlewis.com*
                                   JACKSON LEWIS P.C.
                                   Two South Biscayne Boulevard, Suite 3500
                                   Miami, Florida 33131
                                   Telephone: (305) 577-7600

                                   *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of March 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                   *s/ Jennifer A. Schwartz*
                                   Jennifer A. Schwartz, Esq.

CASE NO. 0:23-cv-60050-RS

**SERVICE LIST**

Brian J. Militzok, Esq.
Florida Bar No. 0069993
E-mail: *bjm@militzoklaw.com*
MILITZOK LAW, P.A.
8958 West State Road 84
Suite 1036
Fort Lauderdale, Florida 33324
Telephone: (954) 780-8228

*Attorney for Plaintiff*

Jennifer A. Schwartz, Esq.
Florida Bar No. 502431
Email: *jennifer.schwartz@jacksonlewis.com*
Jason A. Anon, Esq.
Florida Bar No. 1017727
E-mail: *jason.anon@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Attorneys for Defendant*

4871-6231-9189, v. 3